# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-CR-00080-01-DGK |
| JEFFREY M. PERRY, | ) |
| Defendant. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENT

Pending before the Court is Defendant Jeffrey M. Perry's Motion to Suppress Evidence (Doc. 23), United States Magistrate Judge Lajuana Counts' Report and Recommendation (Doc. 56) advising the Court to deny the motion, and Defendant's objections to the Report and Recommendation (Doc. 58). After reviewing the report and conducting an independent review of the applicable law and record, *see* L.R. 74.1(a)(2), the Court ADOPTS the Report and Recommendation and DENIES the motion.

First, Defendant argues the search on October 2, 2018, lacked reasonable suspicion to justify it. According to Defendant's conditions of supervised release, he was required to submit "his person, and any property, . . . computer, [and] electronic communication or data storage devices" to a search by a U.S. Probation Officer "at a reasonable time and in a reasonable manner, *based upon reasonable suspicion of contraband*" (Doc. 56 at 23) (emphasis added). While Defendant argues that multiple searches have been predicated on "one specific fact" in this case (Doc. 58 at 3), his point is unavailing. The October 2, 2018, search was based on the totality of the circumstances known on that date—more than just a single fact, and indeed, based on interactions on more than one single occasion.

Second, Defendant argues that the search of the empty bedroom in the residence violated his reasonable expectation of privacy in that space. The empty bedroom, however, was a common area of the residence, and thus the search was proper.

Finally, Defendant contends the search and seizure of his cell phone was not supported by reasonable suspicion. Although Defendant cites to several similar cases, none fit his own circumstances. Here, Defendant expressly agreed to the search of his cell phone as a condition of his supervised release. Officer Kline and Chief Broyles each testified to the basis for their reasonable suspicion for searching Defendant's cell phone, and thus the search was proper.

After reviewing the entire record, the Court finds reasonable suspicion was properly established before the October 2, 2018, search was conducted, including the search of the unoccupied bedroom and Defendant's cell phone. Thus, Defendant's motion to suppress all evidence seized from the October 2, 2018, search is DENIED.

**IT IS SO ORDERED.**

Date:  October 1, 2020  

/s/ Greg Kays  
GREG KAYS, JUDGE  
UNITED STATES DISTRICT COURT